## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 22-cv-20911-GAYLES

FRANCISCO RODRIGUEZ,

      Plaintiff,

v.

DANES,

      Defendant,

_____/

### ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. Plaintiff,

appearing *pro se*, filed this action on March 25, 2022. [ECF No. 1]. Plaintiff also filed a Motion

for Leave to Proceed *In Forma Pauperis* the same day. [ECF No. 3]. Because Plaintiff has moved

to proceed *in forma pauperis*, the screening provisions of the Prison Litigation Reform Act, 28

U.S.C. § 1915(e), are applicable. Pursuant to that statute, the court is permitted to dismiss a suit

"any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii)

fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a

defendant who is immune from such relief." *Id.* § 1915(e)(2).

The standards governing dismissals for failure to state a claim under § 1915(e)(2)(B)(ii)

are the same as those governing dismissals under Federal Rule of Civil Procedure 12(b)(6). *Alba

v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To state a claim for relief, a pleading must

contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short

and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand

for the relief sought." Fed. R. Civ. P. 8. To survive a motion to dismiss, a claim "must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544,

570 (2007)). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer,* 562 U.S. 521, 530 (2011).

In his one-sentence Complaint, Plaintiff alleges that he is suing Defendant "Danes for failure to provide [a] receipt in [a] federal building" in violation of 42 U.S.C. § 1983. [ECF No. 1]. Plaintiff's Complaint contains no details about Defendant Danes or the allegedly required receipt. As a result, it is impossible to tell what, if anything, Defendant did to harm Plaintiff. In addition, it is unclear what relief Plaintiff seeks. As a result, Plaintiff fails to satisfy the pleading requirements of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8. Therefore, this action must be dismissed without prejudice for failure to state a claim. Accordingly, it is

**ORDERED AND ADJUDGED** that this action is **DISMISSED without prejudice** and **CLOSED** for administrative purposes. All pending motions are **DENIED as MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of April, 2022.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE